Filed 3/17/21  P. v. Hartfield CA2/4
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SAMUEL HARTFIELD,<br><br>    Defendant and Appellant. | B306931<br>(Los Angeles County<br> Super. Ct. No. VA152846) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Roger Ito, Judge.   Affirmed.

California Appellate Project, Richard B. Lennon, Executive Director, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

On February 19, 2020, a felony complaint was filed against appellant Samuel Hartfield, charging him with attempted murder (Pen. Code, §§ 664/187, subd. (a)), assault by means of force likely to cause great bodily injury (GBI) (Pen. Code, § 245, subd. (a)(4)), and alleging that appellant personally inflicted GBI (Pen. Code, § 12022.7, subd. (a)).[1] Appellant waived his rights to a preliminary hearing and trial, pled no contest to the assault charge and admitted inflicting GBI. He was sentenced to six years in state prison (three years for the assault, plus three years for the GBI enhancement).

Appellant timely filed a notice of appeal from the sentence, checking the box stating the appeal was from "matters occurring after the plea. (Cal. Rules of Court, rule 31(d).)" (See Pen. Code, § 1237.5, subd. (b).)

We appointed counsel to represent appellant. On November 3, 2020, appellate counsel filed an opening brief raising no issues and asking us to conduct an independent review of the record to determine whether any arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Appellant did not respond to our letter advising him of his right to file supplemental briefing raising any contentions or arguments he wished this court to consider.

---

[1] In his opening brief appellant's counsel states that "[a]ppellant got into a fight with his brother in law at a restaurant, during which he injured the victim." This evidence is not contained in the record, either in the preliminary hearing (which appellant waived) or in the clerk's transcript (which does not contain the pages to which counsel refers). This omission is not relevant to our disposition.

We have examined the entire record and are satisfied that appellant has, by virtue of counsel's compliance with the *Wende* procedure and our independent review of the record, received adequate and effective appellate review of the judgment. (*Smith v. Robbins* (2000) 528 U.S. 259, 278–279; *Wende, supra*, 25 Cal.3d at p. 443.)

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, Acting P. J.

We concur:


COLLINS, J.


CURREY, J.